1   Justin Fok, Esq., CA Bar #242272
    Law Offices of Jean D. Chen
2   2107 N. 1st Street, Suite 300
3   San Jose, CA 95131
    Telephone: (408) 437-1788
4   Facsimile: (408) 437-9788
    Email: jfok@jclawoffice.com
5
6   Attorney for Plaintiff
    Ying He
7

8                   UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12  **Ying He;**                          )   Case No. C 07-02765 HRL
                                           )
13                                         )
                                           )
14              Plaintiffs,                )   **PLAINTIFFS' CROSS-MOTION FOR**
                                           )   **SUMMARY JUDGMENT; AND**
15          v.                             )   **PROPOSED ORDER**
                                           )
16  **Alberto Gonzales**[*], United States Attorney )
    General, U.S. Department of Justice;   )
17  **Michael Chertoff**, Secretary of the Department )  Date:   November 6, 2007
    of Homeland Security;                  )   Time:   10:00 AM
18  **Emilio T. Gonzalez**, Director of United States )  Judge:  Hon. Howard R. Lloyd
19  Citizenship and Immigration Services;  )
    **Christina Poulos**, Director of the California )
20  Service Center, United States Citizenship and )
    Immigration Services;                  )
21  **Robert S. Mueller III**, Director of the Federal )
22  Bureau of Investigation,               )
                                           )
23              Defendants.                )
                                           )
24  _____)

25  //

26  _____

27  [*] Alberto Gonzales resigned from his post as Attorney General on September 17, 2007.  Peter D. Keisler is currently

28  the Acting United States Attorney General.

    Plaintiffs' Cross-Motion for Summary Judgment
    Case No. C 07-02765 HRL
                                    1

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff is an applicant who seeks to adjust his status to Legal Permanent Resident ("LPR") in the United States.  This action arises out of Defendants' unreasonable delay in the adjudication of Plaintiffs' *I-485 Application to Register Permanent Residence or Adjust Status*.

On May 25, 2007, Plaintiff filed this action seeking mandamus relief and declaratory judgment under 28 U.S.C. § 1361, and the Administrative Procedures Act ("APA").  Plaintiff now seeks summary judgment in this action and asks this Court to enter an order requiring Defendants' to expeditiously complete the processing of Plaintiff's FBI name check, and requiring the USCIS to complete adjudication of Plaintiff's I-485 application within 60 days of receiving the Court's order.  Additionally, Plaintiff asks that this Court grant reasonable attorney's fees pursuant to the Equal Access to Justice Act  (28 U.S.C. § 2412) as well as any other relief at law and in equity as justice may require.

## STATEMENT OF FACTS

Plaintiff, Ying He, is the applicant of an *I-485 Application to Register Permanent Residence or Adjust Status* ("I-485"), filed with the United States Citizenship and Immigration Services ("USCIS") California Service Center ("CSC").

Plaintiff's application and the filing fees, along with all supporting documentation, were filed with USCIS on May 9, 2005.   *See* Complaint, Exhibit 1.

Plaintiff initiated numerous inquiries to USCIS regarding the status of her delayed I-485 application.  After each inquiry, Plaintiff was informed that her case was pending due to the FBI name check.  *See* Complaint Exhibits 3-10.

The USCIS (under the auspices of the Department of Homeland Security) still retains jurisdiction over Plaintiffs I-485 application and this application still remains unadjudicated.  It has now been nearly two and a half years since Plaintiff first filed her I-485 application with the USCIS on May 9, 2005.

## ARGUMENT

Plaintiff is entitled to relief under both the Mandamus Act, and the Administrative Procedures Act ("APA"), in that he may seek to compel an agency to act on a non-discretionary duty. *See Wu v. Chertoff,* 2007 2007 WL 1223858 (N.D. Cal. 2007); *Independence Mining Co. C. Babbitt*, 155 F.3d 502, at 207 (9th Cir. 1997)

## I.  MANDAMUS JURISDICTION

The Mandamus Act, codified at 28 U.S.C. § 1361, can be used to compel an officer of the United States to perform his/her duty. The act, in its entirety, states "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While the court cannot force the agency to exercise its discretion in a particular manner, the courts can use the Mandamus Act to compel the government to take action. A successful Mandamus plaintiff must establish that: (1) he or she has a clear right to the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other remedy is available. *Iddir v. INS*, 301 F.3d 492, at 499 (7th Cir. 2002).

**A. Plaintiffs have a clear and certain right to the relief requested**

An alien may apply for adjustment of status under 8 U.S.C. §1255(a), which reads in pertinent part, "The status of an alien who was inspected and admitted or paroled into the United States…may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence…" Section 245.2 of chapter 8 of the Code of Federal Regulations establishes the process by which an applicant can apply to adjust his/her status to that of a Legal Permanent Resident. "An application for adjustment of status is made on Form I-485A." 8 C.F.R. §  245.2(a)(3)(iv). Subsection 245.2(a)(5) provides, in pertinent part: "Decision-(i) General. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial." Courts have interpreted this language as creating a non-discretionary duty to adjudicate immigrant applications.  *See Wu v. Chertoff*, 2007 WL 1223858 *3 (N.D.Cal.); *Quan v. Chertoff*, 2007 WL 1655601 at *3 (N.D .Cal. 2007); *Razaq v. Poulos*,  2007 WL 61884 at *3 (N.D. Cal. 2007)

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02765 HRL

1       Arising from this non-discretionary duty, courts have found that applicants who meet the

2   statutory requirements for an immigrant application have a clear and certain right for

3   adjudication. *See Wu v. Chertoff,* WL 1223858 *3.  *See also Singh v. Still, 470 F.Supp.2d 1064,*

4   *1068 (N.D.Cal.2007)* ("petitioners whose applications for adjustment in status are properly

5   before the INS ... have a right, enforceable through a writ of mandamus, to have the applications

6   processed within a reasonable time."); *Eldeeb v. Chertoff*, 2007 WL 2209231 *18 (M.D.Fla.)

7   (Plaintiff meets the criteria to apply for an I-485 application, and as a qualified applicant CIS had

8   a non-discretionary duty to act on the application.).  Thus, a qualified applicant who has properly

9   filed an I-485 application with the USCIS possesses a clear and certain right to the adjudication

10  of that application.

11      Defendants concede that the I-485 application at issue in this case has been properly filed

12  and do not contend that this application lacks any of the requisite elements necessary for

13  approval. *See* Answer ¶ 12.  The Plaintiff in this case has a clear and certain right to the relief

14  requested.

15  **B.  The Plaintiffs are owed a mandatory duty**

16      In addition to showing that there is a clear and certain right to relief, Plaintiff must also

17  demonstrate that Defendants owe her a mandatory duty to act.  While the courts cannot force a

18  particular discretionary act, courts can use mandamus jurisdiction to compel a government

19  agency to perform a non-discretionary duty if they have failed to take any action.  *See Singh*, 470

20  F. Supp.2d at 1068 (Defendants conceding that there is mandatory duty to act on adjustment of

21  status applications and the Court finding that pertinent regulations support such a conclusion.)

22  *See also Gelfer v. Chertoff*, 2007 WL 902382 at *1 (N.D. Cal. 2007).

23      A majority of district courts, including the Northern District of California, have

24  interpreted the language of 8 U.S.C. §1255(a) to mean that while the Attorney General and the

25  Department of Homeland Security ("DHS") have discretion over *how* to adjudicate an

26  application, the decision as to *whether* they must adjudicate is non-discretionary, thus creating a

27  mandatory duty on the Defendant's to adjudicate the I-485 applications in a reasonable time.  *See*

28  *Quan v. Chertoff*, 2007 WL 1655601 at *2; *Razaq v. Poulos*,  2007 WL 61884 at *3; *Singh v.*

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02765 HRL

4

1  *Still*, 470 F.Supp.2d 1064, at 1067 (N.D. Cal. 2007). *See also Yu v. Brown*, 36 F.Supp.2d 922,

2  932 (D.N.M.1999).

3        Numerous courts have interpreted the relevant regulations as creating a mandatory non-

4  discretionary duty to adjudicate applications and thus regardless of what the ultimate decision is,

5  the USCIS has a mandatory duty to act on Plaintiffs' applications. *Yu v. Brown,* 36 F.Supp.2d at

6  931. *See also Aboushaban v. Mueller*, 2006 WL 3041086 *2 (N.D.Cal.) (Judge Bernard

7  Zimmerman reading the statutory text of 8 C.F.R. § 209.2 as "creating a non-discretionary duty

8  to adjudicate the plaintiff's [adjustment of status] application"); *and see Singh v. Still*, No. C 06-

9  2458 EMC, 2006 WL 389817 at 5 (N.D. Cal.) (Judge Edward Chen holding that "[r]egulations

10 support there being such a duty, and the Court finds that this duty to act is not discretionary.")

11 **C. No other remedy is available**

12       In order to prevail on an action in mandamus, Plaintiff must also demonstrate that she has

13 exhausted her administrative remedies.  Plaintiff has made numerous inquires to the USCIS.  *See*

14 Complaint, Exhibits 3–10.  Despite Plaintiffs' attempts to further the application process,

15 Plaintiff's application is still pending after nearly two and a half years. Plaintiff has no other

16 remedy available to her other than to continue to wait for the USCIS to act on her application,

17 and "waiting for an agency to act cannot logically be an adequate alternative to an order

18 compelling the agency to act." *Fu v. Reno*, 2000 WL 1644490, at 4 (N.D.Tex.,2000).

19       **II.  APA JURISDICTION**

20       Plaintiff is also entitled to relief under the APA and 28 U.S.C. §1331.  The APA

21 mandates that, "…within a reasonable time, each agency shall proceed to conclude a matter

22 presented to it." 5 U.S.C. § 555(b).  The APA allows for a district court to "compel agency

23 action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).  Although no time

24 frame is specifically defined by the APA, this Court has held that § 555(b) and § 706(1) of the

25 APA creates a reasonable time requirement for adjustment of status applications. *Aboushaban v.*

26 *Mueller*, 2006 WL 3041086, at *5 (N.D. Cal. 2006).

27 **A.  Unreasonable Delay**

28

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02765 HRL

1    "What constitutes unreasonable delay in the context of immigration applications depends

2    to a great extent on the facts of the particular case." *Yu*, 36 F. Supp. 2d at 934.  In this case, the

3    Defendants have indicated that the delay is due to the FBI name check.  *See* Complaint, Exhibits

4    3-10.    While Plaintiff understands the need for the FBI name check, Defendants fail to provide

5    a particularized reason as to why Ms. He's name check has taken almost two and a half years.

6    Defendants apparently believe that because the name check process is under the purview of the

7    FBI and not the USCIS, this should absolve the USCIS of the timeliness requirements in the

8    APA.  Recent court decisions in this jurisdiction have found this argument unpersuasive.  *See Fu*

9    *v. Gonzales*, 2007 WL 1742376 at *4 ("Shifting the onus to the FBI does not, however, show

10   timeliness."); *Gelfer,* 2007 WL 902382 at *2 ("Simply asserting that the USCIS is awaiting the

11   results of an FBI name check does not explain why petitioner's application has been stagnant for

12   the past two years.")  Without a particularized reason as to why the name check is taking such an

13   inordinate amount of time, this Court has found that both a two and three year delay to be

14   unreasonable as a matter of law.  *See Wu*, 2007 WL 1223858, at *10 (three-year delay

15   unreasonable as a matter of law)*; Gelfer,* 2007 WL 902382 at *2 (more than two year delay

16   unreasonable as a matter of law).

**B.  Taking into account other factors in addition to the length of time in the delay**

18        When a statute is silent as to when a government agency must act, the Ninth Circuit has

19   considered six factors in determining whether an agency delay is unreasonable.  *Biodiversity*

20   *Legal Foundation v. Badgley,* 309 F.3d 1166, n. 11 (9th Cir. 2002) (using the six factor test from

21   *Telecommunication Research and Action Center* (*TRAC*) *v. F. C.C.,* 242 U.S. App. D.C. 222,

22   750 F.2d 70 (D.C. Cir. 1984)).  These six *TRAC* factors are: (1) the time agencies take to make

23   decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or

24   other indication of the speed with which it expects the agency to proceed in the enabling statute,

25   that statutory scheme may supply content for this rule of reason; (3) delays that might be

26   reasonable in the sphere of economic regulations are less tolerable when human health and

27   welfare are at stake; (4) the court should consider the effect of expediting delayed action on

28   agency activities of a higher or competing priority; (5) the court should also take into account the

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02765 HRL

nature and extent of the interests prejudiced by delay; (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Even when considering all six factors in addition to the length of the delay, this Court should still find the DHS' delay to be unreasonable and grant Plaintiffs' Motion for Summary Judgment.

### 1)   The time agencies take to make decision must be governed by a rule of reason

The Defendants offer no particularized reason as to why Plaintiffs I-485 application is suffering from such a long delay other than to give the generic and non-specific explanation that Plaintiff Ying He's security check remains pending with the FBI.   *See* Complaint, Exhibits 3-10. Even given the normal fluctuations inherent in application processing times, a delay of almost two and a half years when the normal processing time is eight months breaks from a rule of reason.

### 2) Where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason.

Congress has given its indication of the speed with which it expects DHS to complete adjudication of I-485 immigrant petitions.  In the year 2000, Congress enacted the Immigration Services and Infrastructure Improvement Act ("Act") to improve the efficiency and processing infrastructure of the immigration system.  At Section 202 of the Act entitled "Purposes" the Act explicitly states that "It is the sense of the Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application…" 8 U.S.C.A § 1571(b).  Thus, Congress could not have intended to permit potentially unlimited delays for the adjudication of the applications at issue and this Court should consider a six-month processing time as the touchstone in determining the "rule of reason."

### 3)   Delays that might be reasonable in the sphere of economic regulations are less tolerable when human health and welfare are at stake and the court should also take into account the nature and extent of the interests prejudiced by delay. [1]

---

[1] The third factor overlaps significantly with the analysis of the fifth factor and can both be taken together in the context of immigration applications.  *See Razaq v. Poulos,* 2007 WL 61884, at *7

1

2    Delays in the immigration arena affect human health and welfare, and are thus less

3    tolerable than those affecting only economic interests. *Ibrahim v. Chertoff,* 2007 WL 1558521,

4    at *7 (S.D.Cal., 2007). The harm suffered is much more than a mere "inconvenience." Not only

5    is Plaintiff unable to work or travel without restriction, but Plaintiff is unable to accrue the five

6    year wait time required for new legal permanent residents in order to attain their ultimate goal of

7    citizenship. The almost two and a half year delay in this case has denied Plaintiff nearly three

8    years worth of the rights and privileges enjoyed by citizens of the United States. Plaintiff is also

9    suffering from the day-to-day stress of not knowing whether she will be able to settle

10   permanently in the United States or if she will be forced to return to China.

11       **4) The court should consider the effect of expediting delayed action on agency**
12       **activities of a higher or competing priority, but the Court need not find any**
         **impropriety lurking behind agency lassitude in order to hold that agency action**
13       **is unreasonably delayed.[2]**

14       Although the role of Defendants is pivotal to the security of the United States of America,

15   they have given no individualized showing that the Plaintiff poses any risk to national security.

16   *Santillan v. Gonzales,* 388 F.Supp.2d 1065, at* 1082 (N.D.Cal., 2005) (Absent any such

17   particularized showing, defendants' national security argument cannot excuse the administrative

18   backlogs and bureaucratic delay for Plaintiffs' LPR status applications) *See also Singh v. Still,*

19   2006 WL 3898174 at *4 (mere invocation of national security is not enough to render agency

20   delay reasonable per se without further showing as to why Plaintiff requires greater scrutiny.)

21       The average processing time for an I-485 application with the requisite name check is

22   approximately 8 months. *See* Complaint Exhibit 11. It is difficult to imagine that there are a

23   great number of applications ahead of Plaintiff's to be processed when taking into account this

24   average processing time. Exactly how many applications, or indeed, if there *any* applications

25

26

27   (N.D.Cal., 2007).
     [2] The fourth and sixth *TRAC* factors also overlap and can be analyzed together. *See Santillan v.*
28   *Gonzales,* 388 F.Supp.2d 1065, at* 1084 (N.D.Cal., 2005).

     Plaintiffs' Cross-Motion for Summary Judgment
     Case No. C 07-02765 HRL
                                        8

1   still pending with a filing date prior to May 9, 2005, is left to conjecture as the defendants

2   provide no information as to how many applications this might be.

3

4                                          **CONCLUSION**

5           Plaintiff has a clear right to relief under both the Mandamus Act and the Administrative

6   Procedures Act.  Defendants have a clear non-discretionary duty to complete adjudication of

7   Plaintiff's I-485 application within a reasonable time.  For these reasons, Plaintiff respectfully

8   requests that the Court grant summary judgment in his favor.

9

10  Dated: October 2, 2007                                Respectfully Submitted,

11

12                                                        _____/s/_____

13                                                        Justin G. Fok
                                                          Attorney for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Cross-Motion for Summary Judgment
Case No. C 07-02765 HRL

                                              9