1  SCOTT N. SCHOOLS, SC SBN 9990
   United States Attorney
2  JOANN M. SWANSON, CSBN 88143
   Chief, Civil Division
3  EDWARD A. OLSEN, CSBN 214150
   Assistant United States Attorney
4
       450 Golden Gate Avenue, Box 36055
5      San Francisco, California 94102
       Telephone: (415) 436-6915
6      FAX: (415) 436-6927

7  Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YING HE, | ) |
|                Plaintiff, | ) No. C 07-2765-HRL |
|      v. | ) |
| ALBERTO GONZALES, United States Attorney General, U.S. Department of Justice; MICHAEL CHERTOFF, Secretary, Department of Homeland Security; EMILIO GONZALEZ, Director, U.S. Citizenship and Immigration Services (USCIS); CHRISTINA POULOS, Acting Director U.S. Citizenship and Immigration Services (USCIS); DAVID STILL, San Francisco District Director, United States Citizenship and Immigration Services; ROBERT S. MULLER, III, Director, Federal Bureau of Investigation. | ) **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 6, 2007<br>Time: 10:00 a.m. |
|                Defendants. | ) |

**I. INTRODUCTION**

The defendants hereby submit their opposition to plaintiff's motion for summary judgment.

**II. DISCUSSION**

**A. Jurisdiction**

For the reasons stated in the defendants' motion for summary judgment, the defendants

disagree with the plaintiff's assertion that this Court has jurisdiction over this case under the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
C 07-2765-HRL

mandamus statute and the APA. While the defendants do not dispute that they have an obligation to adjudicate the plaintiff's I-485 application, the defendants' position is that the plaintiff cannot point to any ministerial, nondiscretionary duty on the part of USCIS to adjudicate an I-485 application within any specific time frame and that the plaintiff does not have a clear and certain right to the adjudication within a specific time frame. Morever, plaintiff's fails to recognize that, in *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 65 (2004), the Supreme Court concluded that jurisdiction under the APA would exist only if the agency was compelled by law to act within a specific time frame, but failed to do so. *Id.* at 65. As an example, the Court stated that the Federal Communications Commission's failure to establish regulations within six months of the date of the Telecommunications Act of 1996, as required by the Act, "would have supported a judicial decree under the APA requiring the prompt issuance of regulations." *Id.*

The defendants recognize that this Court has found jurisdiction under the mandamus statute and the APA in a similar cases, *see Fu v. Gonzales*, C-07-0207-EDL (N.D. Cal. May 17, 2007), but would encourage this Court to reach a contrary conclusion in light of the Supreme Court's ruling in *Norto*n and for the reasons articulated in the cases cited by Judge Laporte in footnote 1 of its decision in *Fu*.

Because the plaintiff is unable to point to any statutory or regulatory requirement that an I-485 application be adjudicated within a specific time frame, this Court lacks jurisdiction under the mandamus statute and the APA.

Finally, for the reasons stated in the defendants' motion for summary judgment, this Court lacks jurisdiction over this action because the entire process of adjudication of an I-485 application is discretionary, including the pace at which an I-485 application is adjudicated, and, therefore, is barred by 8 U.S.C. § 1252(a)(2)(B).

**B. The Alleged Agency Delay**

As an initial matter, the defendants wish to point out that this is not a case in which the agency has simply ignored or neglected to act on an individual's I-485 application. As articulated in the defendants' motion for summary judgment, after the I-485 application was filed on May 9, 2005, the USCIS promptly (on May 18, 2005), submitted a name check request to the FBI, as part of the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
C 07-2765-HRL

1 thorough background check that USCIS completes on each and every applicant for an immigration
2 benefit.  Heinauer Declaration ¶ 18.  The plaintiff was then fingerprinted on two occasions, once
3 on October 6, 2005, and again on March 20, 2007, to ensure that her fingerprints are current when
4 the FBI completes the name check and the plaintiff's I-485 application is adjudicated.  Heinauer
5 Declaration ¶ 15.  The plaintiff's preliminary IBIS security check has also bee completed.
6 Heinauer Declaration ¶ 16.   Finally, the USCIS has approved the plaintiff for work authorization,
7 which is valid through the middle of 2008, and has approved her request for an advance parole
8 travel document, which is valid through May 20, 2008.  Heinauer Declaration ¶¶ 26, 27.

9     Second, the declaration of Michael Cannon sets forth very clearly the staggering number of
10 name check requests that the FBI is asked to complete on a yearly basis(for example, in the fiscal
11 year 2006, USCIS submitted 1,633,000 name requests to the FBI), and the time-consuming process
12 tha can be involved in completing a name check, and the numerous factors that have contributed to
13 delays in the processing of name checks.  Cannon Declaration ¶ 26.  In light these numbers, the
14 defendants submit that this Court is unable to conclude that the FBI or USCIS has acted
15 unreasonably either in completing the plaintiff's name check or processing the plaintiff's I-485
16 application.

17     Third, the fact that the defendants have not provided details about why this particular
18 applicant's name check has not been completed should not prevent this Court from ruling that any
19 delay in the processing of plaintiff's I-485 application has been reasonable.  The Cannon
20 declaration sets forth the FBI's general approach that it processes name checks on a first-in, first-
21 out basis, and that, in light of the sheer numbers of name check requests it receives, and the FBI's
22 focus on providing accurate and thorough results, there is a backlog that affects the pace at which
23 it can process name checks for all applicants.  Cannon Declaration ¶¶ 9, 39

24     Fourth, the plaintiff's reliance on 8 U.S.C. § 1571, for the proposition that a 180-day period
25 should be the touchstone for determining reasonableness, is misplaced.  The language of the
26 statute, which was drafted prior to September 11, 2001, is merely precatory, makes no reference to
27 I-485 applications.  In addition, the statute on its face does not take into consideration the
28 increased focus by USCIS on background checks after the attacks of September 11, 2001.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
C 07-2765-HRL

1 | Fifth, in terms of the TRAC factors discussed on pages 7-9 of the plaintiff's motion for summary judgment, the defendants rely on the discussion they made on the TRAC factors in their motion for summary judgment.

### III.  CONCLUSION

For the foregoing reasons, the defendants respectfully ask this Court to grant the defendants' motion for summary judgment, deny the plaintiff's motion for summary judgment, and dismiss the plaintiff's action in its entirety.

Dated:   October 16, 2007               Respectfully submitted,

                                        SCOTT N. SCHOOLS
                                        United States Attorney


                                         /s/
                                        EDWARD A. OLSEN
                                        Assistant United States Attorney
                                        Attorneys for Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
C 07-2765-HRL