Justin Fok, Esq., CSB#242272
Law Offices of Jean D. Chen
2107 N. 1st Street, Suite 400
San Jose, CA 95131
Telephone: (408) 437-1788
Facsimile:  (408) 437-9788
Email: jfok@jclawoffice.com

Attorney for Plaintiff
Ying He

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **Ying He,**<br><br>            Plaintiff,<br><br>       v.<br><br>**Alberto Gonzales**, United States Attorney General, U.S. Department of Justice;<br>**Michael Chertoff**, Secretary of the Department of Homeland Security;<br>**Emilio T. Gonzalez**, Director of United States Citizenship and Immigration Services;<br>**Christina Poulos**, Director of the California Service Center, United States Citizenship and Immigration Services;<br>**Robert S. Mueller III**, Director of the Federal Bureau of Investigation,<br><br>            Defendants. | Case No. C 07-2765 HRL<br><br>**OPPOSITION IN SUPPORT OF PLAINTIFFS CROSS MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   November 6, 2007<br>Time:  10:00 AM<br>Judge: Hon. Howard R. Lloyd |

## I.   DEFENDANT MICHAEL CHERTOFF SHOULD REMAIN

Plaintiff does not object to dismissing Defendants Alberto Gonzales, Emilio T. Gonzalez, Christina Poulos, and Robert S. Mueller III from this action.

Opposition in Support of Plaintiffs Cross-Motion for Summary Judgment
Case No. C 07-2765 HRL

1  **II.    ADJUDICATION OF PLAINTIFFS I-485 APPLICATION IS A NON-
2           DISCRETIONARY DUTY**

3  Defendants argue that the pace of Plaintiffs application is at the complete discretion of
4  the Attorney General and that Plaintiff is not entitled to a decision within any particular time
5  frame.  However, numerous courts, including the Northern District of California have found that
6  the duty to adjudicate Plaintiffs' applications is non-discretionary and must be completed within
7  a reasonable time.  *See Wu v. Chertoff, et. al.*, 2007 WL 1223858, *3 (N.D.Cal.) (holding that a
8  clear and certain right exists to have immigration status adjustment applications adjudicated in a
9  reasonable time frame); *Gelfer*, 2007 WL 902382 at *2 (the government has a statutorily
10 prescribed duty to adjudicate a petitioner's immigration status adjustment application 'within a
11 reasonable time' under *5 U.S.C. §555(b)*).  Further, to allow the USCIS a limitless amount of
12 time to adjudicate petitioner's application would be contrary to the "reasonable time" frame
13 mandated under 5 U.S.C. 555(b) and ultimately would negate the USCIS's duty under 8 C.F.R.
14 245.2(a)(5). *See Singh,* WL 389817at *3; *Gelfer,* WL 902382 at *2.

15 **III.   8 U.S.C. § 1252(a)(2)(B) DOES NOT APPLY TO THIS ACTION**

16 Defendants argue that this Court is barred from reviewing this action under 8 U.S.C.
17 §1252(a)(2)(B).  However §1252 is not applicable to this action, as it applies only to
18 discretionary actions made by Defendants pursuant to §1255, and the adjudication of an I-485
19 application is a non-discretionary action.  *See Xiao v. Gonzalez***,** 2007 WL 2688464 *3
20 (N.D.Cal.) ("the decision of whether to adjudicate an application, and how long to delay in doing
21 so, is not within the discretion of the Attorney General. Accordingly, 8 U.S.C. § 1252
22 (a)(2)(B)(ii) does not strip this Court of jurisdiction."). S*ee also Dong v. Chertoff,* 2007 WL
23 2601107 *5 (N.D.Cal.) (The court finding that based on the narrow construction of the statute
24 and its language, § 1252 does not deprive the Court of jurisdiction to hear an allegation that the
25 determination of an application for adjustment of status has been unlawfully withheld.  The court
26 further determined that the "While the ultimate decision to grant or deny an application for
27 adjustment of status is unquestionably discretionary, there exists a non-discretionary duty to act
28 on and process the application."); *Elmalky v. Upchurch,* 2007 WL 944330, at *3-*5 (N.D.Tex.)

Opposition in Support of Plaintiffs Cross-Motion for Summary Judgment
Case No. C 07-2765 HRL

1  (section 1252 (a)(2)(B) does not preclude judicial review over non-discretionary actions); *Wu v.*
2  *Chertoff,* 2007 WL 1223858, at *3 (N.D.Cal.2007) (Illston, J.) ("taken together, the APA, the
3  INA, and [8 C.F.R. § 245.2(a)(5) ] establish a clear and certain right to have immigration status
4  adjustments adjudicated, and to have them adjudicated within a reasonable time frame").

5  Additionally, there has been no request by Plaintiff for this Court to review a judgment
6  granting relief.  *See Bondarenko v. Chertoff*, 2007 WL 2693642 *3 (W.D.N.Y.) ("Because
7  petitioner's request to compel an adjudication does not involve review of a "judgment," § 1252
8  (a)(2)(B)(i) does not preclude judicial review.")

9  **III. FBI NAME CHECK**

10  The Defendant offers no particularized reason as to why Plaintiff's I-485 application is
11  suffering from such long delays other than to give the generic and non-specific explanation that
12  Plaintiff He's "name check remains pending." *See* Heinauer Declaration ¶18.  Defendants argue
13  that the FBI's name check process is done on a first in first out basis. *See* Motion at 6. Yet
14  according to the USCIS' posted processing times, I-485 applications, on average, are processed
15  within 8 months of filing.  *See* Complaint, Exhibit 11.  Even given the normal fluctuations
16  inherent in application processing times, a disparity of almost two years from the average
17  application departs from rule of reason and is not demonstrative of a "first in, first out"
18  procedure.

19  **CONCLUSION**

20  This Court should deny the defendants' motion for summary judgment as the defendants
21  have failed to show that their delay has been reasonable as a matter of law.  Instead, this Court
22  should grant Plaintiffs motion for summary judgment and order the USCIS to expedite Plaintiff's
23  application, which has been under review for nearly three and a half years.  Plaintiff has a clear
24  right to relief under both the Mandamus Act and the Administrative Procedures Act, and
25  Defendants have a clear non-discretionary duty to complete adjudication of Plaintiff's I-485
26  application within a reasonable time.  For these reasons, Plaintiff respectfully requests that the
27  Court grant summary judgment in her favor.

28

Opposition in Support of Plaintiffs Cross-Motion for Summary Judgment
Case No. C 07-2765 HRL

1
2  Dated: October 16, 2007                                    Respectfully Submitted,
3
4                                                                    _____/s/_____
                                                                      Justin G. Fok
5                                                                    Attorney for Plaintiff
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Opposition in Support of Plaintiffs Cross-Motion for Summary Judgment
Case No. C 07-2765 HRL

4